UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

REYNADO CORDOBA CRUZ,

Petitioner,

v.

RAUL MALDONADO, JR., Warden,
Metropolitan Detention Center, et al.,

Defendants.

**MEMORANDUM & ORDER**
26-CV-02792 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On May 19, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested

Petitioner Reynado Cordoba Cruz in the Bronx outside of his apartment.  Petitioner was

ultimately transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, where he

remains detained.  He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241through

next friend Emilio Cordova Cruz.  ECF No. 1 ("Petition").[1]  For the reasons that follow, his

Petition is DISMISSED.

**BACKGROUND**[2]

Petitioner is a citizen of Mexico who initially entered the United States by crossing the

international boundary near Douglas, Arizona, on or about April 8, 2016.  *See* ECF No. 7 at 2

("Response").  On April 8, 2016, U.S. Customs and Border Patrol ("CBP") encountered

---

[1]    Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits
all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court
refers to the pages assigned by the Electronic Case Files system ("ECF").

[2]    The Court relies on evidence submitted by the parties in outlining the facts relevant to
this Order.  The facts recited here are undisputed unless otherwise noted.  *See O.F.B. v.
Maldonado*, 810 F. Supp. 3d 394, 398 n.2 (E.D.N.Y. 2025).

Petitioner in Douglas, determined that he had unlawfully entered the country, and arrested him. *See* ECF No. 7-1 ¶ 3 (Declaration of Alexander Azcuy). After further processing and an interview, CBP determined that Petitioner was a candidate for the Alien Transfer Exit Program, a program through which certain noncitizens are expeditiously removed from the United States. *See id.* ¶ 5.

On April 9, 2016, CBP issued a Notice and Order of Expedited Removal (Form I-860), charging Petitioner as inadmissible pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, as amended 8 U.S.C. § 1182(a)(7)(A)(i)(I). *See* ECF No. 7-1 ¶ 6; ECF No. 7-2 at 2 (Respondents' Exhibits). CBP also served Petitioner with a Notice to Alien Ordered Removed/Departure Verification (Form I-296), finding Petitioner inadmissible under INA § 212(a)(9), 8 U.S.C. § 1182(a)(9), and prohibiting him "from entering, attempting to enter, or being in the United States" for five years from the date of his departure from the country. *See* ECF No. 7-1 ¶ 7; ECF No. 7-2 at 14. Petitioner was removed from the United States two days later. *See* ECF No. 7-1 ¶ 8; ECF No. 7-2 at 14.

At an unknown time and place, Petitioner re-entered the United States. *See* No. 7-2 at 21. Since re-entry, Petitioner has moved to New York, "set up a life for himself," become an active member of his church community, and was "living a quiet life with his two brothers." ECF No. 1 ¶ 23.

On May 19, 2026, ICE agents encountered Petitioner while searching for another individual. *See* ECF No. 7-1 ¶ 10. After the agents ordered Petitioner to put his hands behind his back and he refused, the encounter escalated to the point that the agents "performed a takedown of Petitioner on the staircase." *Id.* ¶¶ 11–12. While Petitioner was in handcuffs, the

ICE agents confirmed using Mobile Fortify[3] that Petitioner had been ordered removed on April 10, 2016. *See id.* ¶ 13. Based on this information, and reinstatement of the 2016 removal order under INA § 241(a)(5), 8 U.S.C. § 1231(a)(5), the ICE agents arrested Petitioner. *See* ECF No. 7-1 ¶ 13.

Petitioner was transported to 26 Federal Plaza for processing. *See id.* During processing, ICE agents confirmed: (i) Petitioner's identity; (ii) that he had a previous final order of removal; (iii) that he was neither an asylee nor refugee; (iv) that he was not a lawful permanent resident; (v) that he had not applied for lawful permanent residence; and (vi) that he did not express a fear of returning to Mexico. *See id.* ¶ 14. ICE agents provided Petitioner with a Notice of Intent/Decision to Reinstate Warning for Failure to Depart Order (Form I-871) and completed a Warning for Failure to Depart and Instruction Sheet to Detainee Regarding Requirement to Assist in Removal (Form I-229(a)). *See* ECF No. 7-1 ¶¶ 15–16; ECF No. 7-2 at 26, 28. Petitioner was ultimately transferred to the MDC, where he remains detained. *See* ECF No. 7-1 ¶ 17.

On May 27, 2026, Petitioner initiated this action through next friend Emilio Cordova Cruz, by filing a petition for a writ of habeas corpus and a motion for a temporary restraining order. *See* ECF No. 1. Among other things, Petitioner states that he was arrested without a warrant, has no known criminal history, and that Respondents failed to make an individualized custody assessment within 48 hours of the arrest (or since then). *See* ECF No. 1 ¶¶ 19–27. The Court issued an Order to Show Cause, directing the government to "show cause why the Petition should not be granted." *See* May 27, 2026, Text Order.

---

[3] Mobile Fortify is a phone application that uses biometric facial recognition technology to identify individuals. *See* Arti Walker-Peddakotla, *Surveillance Architectures*, 2026 Wis. L. Rev. 341, 367–68 (2026).

Respondents filed their response on June 3, 2026, *see* ECF No. 7, setting forth the government's position that Petitioner is detained pursuant to 28 U.S.C. § 1231(a)(5) and, therefore, this action is jurisdictionally barred because it is a challenge to the Petitioner's final order of removal. On June 12, 2026, Respondents filed a letter providing supplemental authority for their position. *See* ECF No. 9.

Petitioner did not file a reply.

## LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025). A petition for a writ of habeas corpus under Section 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

However, as discussed below, district courts lack jurisdiction over habeas petitions challenging final orders of removal.

## DISCUSSION

Petitioner seeks habeas release based on ICE detaining him without cause, notice, or an opportunity to be heard, among other claims. *See* ECF No. 1 ¶¶ 61–67. Respondents argue that this Court lacks jurisdiction over the Petition because it is, "in substance, a challenge to the Petitioner's final order of removal, and, therefore, is barred because Congress has enacted

4

jurisdiction-stripping statutes that preclude the district courts from hearing challenges to the validity of a final order of removal." ECF No. 7 at 4. The Court agrees with Respondents that it lacks jurisdiction here.

The REAL ID Act of 2005 amended the immigration laws to strip district courts of jurisdiction over habeas corpus petitions that challenge final orders of removal. *See Delgado v. Quarantillo*, 643 F.3d 52, 54 (2d Cir. 2011). 8 U.S.C. § 1252 provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.

§ 1252(a)(5). In addition to Section 1252(a)(5) giving courts of appeals exclusive jurisdiction over review of final removal orders, Section 1252 also provides that

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction . . . by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

§ 1252(b)(9).

Section 1252(a)(5) "clearly preclude[s]" district courts from reviewing direct challenges to removal orders. *Delgado*, 643 F.3d at 55. The Second Circuit interprets this statute expansively, precluding district courts from also reviewing "indirect" challenges to removal orders. *Id.* To be sure, not every suit against immigration authorities is a *per se* challenge to a removal order; "whether the district court has jurisdiction will turn on the substance of the relief that a plaintiff is seeking." *Id.*

Consistent with the Second Circuit's interpretation of Section 1252, courts within this Circuit "have dismissed a wide variety of indirect challenges to removal orders for lack of

jurisdiction." *Asylum Seeker Advoc. Project v. Barr*, 409 F. Supp. 3d 221, 225 (S.D.N.Y. 2019) (collecting cases); *see also, e.g.*, *Villatoro v. Shanahan*, No. 26-cv-1210, 2026 WL 948297, at *3 (E.D.N.Y. Apr. 7, 2026) ("Releasing the petitioner from mandatory detention would frustrate the government's ability to enforce the removal order; accordingly, the petitioner is making an indirect challenge to the removal order."); *Sauceda Henriquez v. Noem*, No. 25-cv-7023, 2026 WL 111665, at *4 (E.D.N.Y. Jan. 15, 2026) (denying a habeas petitioner's request for release, and noting that "a challenge to a petitioner's detention, following an order of removal, constitutes such an indirect challenge to an order of removal" that is precluded by §§ 1252(a)(5) and (b)(9)); *Lin v. Borgen*, No. 25-cv-5618, 2025 WL 2158874, at *4 (S.D.N.Y. July 30, 2025) ("Petitioner's request to release him from his current detention and stay his removal is, in sum and substance, a challenge to his final order of removal. . . . This Court cannot entertain the Petition under the plain language of § 1252.").

Here, Respondents argue that Petitioner's request for release is barred by Section 1252 because ICE detained Petitioner to "effectuat[e] his reinstated removal order," and Petitioner's request for release is "a challenge to that removal order and an attempt to interfere with the execution of the order." ECF No. 7 at 6; *see also* ECF No. 9 at 1. They cite several recent cases from this District that hold Sections 1252(a)(5), (b)(9), and/or (g) bar claims to enjoin ICE from detaining an individual for the purpose of removal. *See, e.g.*, *Hernandez v. Mullin*, No. 26-cv-3340, 2026 WL 1694286 (E.D.N.Y. June 11, 2026); *Tzay-Tzay v. Brown*, No. 26-cv-3175, June 11, 2026, Text Order  (E.D.N.Y. June 11, 2026); *Shanahan*, No. 26-cv-1210, 2026 WL 948297; *Sauceda Henriquez*, 2026 WL 111665; *Villatoro v. Noem*, No. 25-cv-5306, 2025 WL 2880140 (E.D.N.Y. Oct. 9, 2025).

The Court finds that the removal order at issue here is final and subject to Section 1252(a)(5)'s jurisdictional bar. *See Delgado*, 643 F.3d at 54–55 (treating a reinstated expedited removal order as a "final order" for Section 1252 purposes); *see also Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("[I]n streamlined removal proceedings . . . the order becomes final immediately upon issuance."). And based on the "substance of the relief" sought, Petitioner is indirectly challenging his order of removal. *See Delgado*, 643 F.3d at 55. The specific relief he seeks involves "ordering Respondents to release Petitioner immediately," and an injunction preventing Respondents from re-detaining him "without notice and an opportunity to be heard at a pre-deprivation bond hearing[.]" ECF No. 1 at 14. Petitioner is detained pursuant to 28 U.S.C. § 1231 to facilitate his removal from the country.[4] Because releasing him from mandatory detention would frustrate Respondents' ability to enforce the removal order, Petitioner is indirectly challenging the final removal order. *See Shanahan*, 2026 WL 948297, at *3 (collecting cases). His request that the Court release him from detention is "removal-related activity." *Asylum Seeker Advoc. Project*, 409 F. Supp. 3d at 224. As such, the Court does not have jurisdiction to grant the relief Petitioner seeks. *Id.*

---

[4]     "Congress has created an expedited process for aliens who reenter the United States without authorization after having already been removed." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021). Section 1231(a)(5) provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

28 U.S.C. § 1231(a)(5). A reinstated removal order is a final order of removal, *Guzman Chavez*, 594 U.S. at 534, so Petitioner's detention is authorized by Section 1231(a). Furthermore, the "government is required to detain an alien ordered removed until removal is effected, at least for the removal period." *Turkmen v. Ashcroft*, 589 F.3d 542, 547 (2d Cir. 2009).

**CONCLUSION**

For the reasons explained above, the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction. The Court vacates its prior order prohibiting Respondents from removing Petitioner from the United States or transferring Petitioner to a facility outside of this District or the Southern District of New York. *See* May 27, 2026, Text Order. The Clerk of Court is respectfully directed to mail copies of this Order to Petitioner and next friend, note the mailings on the docket, enter judgment consistent with this Order, and close this case.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
June 22, 2026